# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY ANTHONY SPINOS** | **CIVIL ACTION** |
| **VERSUS** | **NO.  17-1929** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court are Plaintiff Troy Anthony Spinos's ("Plaintiff") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2]  Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of Defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner" or "Defendant"), denying his claim for supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act").[3] The Magistrate Judge recommended that the Plaintiff's motion for summary judgment be denied, the Commissioner's cross-motion for summary judgment be granted, and Plaintiff's case be dismissed with prejudice.[4] Having considered Plaintiff's objections, the Magistrate Judge's Report and Recommendation, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 16.

[3] Rec. Doc. 1.

[4] Rec. Doc. 16 at 12.

# I. Background

### A.      *Procedural History*

Plaintiff filed an application for SSI on September 19, 2013, alleging that he had been disabled since December 31, 2008, due to mental health problems, back/knee pain, a tumor in his right shoulder, and a bullet in his liver.[5] On November 24, 2015, Plaintiff amended his application to allege a disability onset date of September 19, 2013.[6]

After Plaintiff's claims were denied at the agency level, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 18, 2015.[7] Plaintiff and a vocational expert testified at the hearing.[8] During the hearing, the ALJ ordered a consultative mental health examination by a psychiatrist and ordered a follow-up administrative hearing.[9] A second hearing was held on November 24, 2015.[10] Plaintiff and a vocational expert testified at the second hearing.[11]

On December 29, 2015, the ALJ issued a decision denying Plaintiff's application for benefits.[12] The ALJ analyzed Plaintiff's claim pursuant to the five-step sequential evaluation

---

[5] Adm. Rec. at 193–99, 212.

[6] *Id.* at 207.

[7] *Id.* at 75–100.

[8] *Id*.

[9] *Id*. at 94–95

[10] *Id.* at 38–74.

[11] *Id*.

[12] *Id.* at 18–33.

process.[13] At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 19, 2013, the alleged onset date.[14] At step two, the ALJ concluded that Plaintiff has the following severe impairments: "displaced overlapping comminuted right clavicular fracture with osteopenia, multilevel degenerative disc disease of the lumbar spine with spondylolisthesis, osteoarthrosis of the right knee and spurring of the bilateral knees, personality disorder, schizoaffective disorder, mood disorder with anxiety, and obesity."[15] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under the regulations.[16]

---

[13] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id.* §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education, and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id.* §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to a claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id.* § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969.

[14] Adm. Rec. at 20.

[15] *Id.*

[16] *Id.* at 21.

3

At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following restrictions: (1) Plaintiff could lift and/or carry (including pushing or pulling) 50 pounds occasionally and 25 pounds frequently; (2) he could stand and/or walk for six hours per eight-hour workday, and sit for six hours per eight-hour workday; (3) he could frequently climb ramps, stairs, ladders, ropes, and scaffolds; (4) he could frequently balance, stoop, kneel crouch, and crawl; (5) he could not tolerate overhead reaching with the right dominant upper extremity or exposure to cold; and (6) he was limited to simple routine tasks commensurate with a specific vocational preparation level of no greater than two.[17] At step four, the ALJ also found that Plaintiff had no past relevant work.[18] At step five, the ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform as a janitor/cleaner, maid/housekeeper, or stock clerk/order filler.[19] Therefore, the ALJ determined that Plaintiff was not disabled from September 19, 2013, through the date of the decision.[20]

Plaintiff requested review by the Appeals Council.[21] The ALJ's decision became the final decision of the Commissioner for purposes of this Court's review after the Appeals Council denied review on January 3, 2017.[22] On March 7, 2017, Plaintiff filed a complaint seeking judicial review

---

[17] *Id*. at 24.

[18] *Id*. at 31.

[19] *Id*. at 31–32.

[20] *Id*. at 32.

[21] *Id*. at 14.

[22] *Id*. at 1–6.

pursuant to Section 405(g) of the Act.[23] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On May 25, 2017, the Commissioner answered the complaint.[24]

On July 11, 2017, Plaintiff filed a motion for summary judgment arguing that the ALJ's RFC determination was not supported by substantial evidence.[25] On August 25, 2017, the Commissioner filed a cross-motion for summary judgment, arguing that substantial evidence supports the ALJ's determination.[26]

## B.  *The Magistrate Judge's Report and Recommendation*

On October 24, 2017, the Magistrate Judge recommended that the Plaintiff's motion for summary judgment be denied, the Commissioner's cross-motion for summary judgment be granted, and Plaintiff's case be dismissed with prejudice.[27]  The Magistrate Judge noted that Plaintiff only raised one issue on appeal: whether substantial evidence supported the ALJ's RFC determination.[28] Specifically, Plaintiff argued that the ALJ erred in affording little weight to the opinion of a consultative psychiatrist, Dr. Donna M. Mancuso, who found that Plaintiff had marked limitations in carrying out complex instructions, making judgments on complex work-related decisions, interacting with others, and responding appropriately to usual work situations and to

---

[23] Rec. Doc. 1.

[24] Rec. Doc. 10.

[25] Rec. Doc. 14.

[26] Rec. Doc. 15.

[27] Rec. Doc. 16 at 12.

[28] *Id*. at 6.

changes in routine work settings.[29] The Magistrate Judge rejected this argument, finding that "a review of the record reveals that it contains several physicians' reports of normal mental status" consistent with the ALJ's determination that Plaintiff could perform simple, routine, and unskilled work.[30] The Magistrate Judge also noted that Plaintiff's daily activities demonstrate that he is mentally capable of performing simple, routine, and unskilled work.[31]

Moreover, the Magistrate Judge found that the ALJ's RFC determination was consistent with Dr. Mancuso's opinion that Plaintiff could not perform complex, non-routine work.[32] Furthermore, even if the ALJ had adopted a restriction on interacting with others, the Magistrate Judge found that such a restriction would not have altered the decision because the vocational expert testified that Plaintiff could perform jobs as a janitor/cleaner, maid/housekeeper, and stock clerk/order filler with such a restriction.[33]

The Magistrate Judge noted that Dr. Mancuso opined that Plaintiff was "impaired" in his recent memory and concentration; ability to relate to others; ability to maintain attention and perform simple repetitive tasks for two hour blocks of time; ability to sustain effort and persist at a normal pace over the course of a forty hour week; ability to understand, remember, and follow simple commands; and ability to tolerate the stress associated with day to day work activity.[34]

---

[29] *Id*. at 6, 8.

[30] *Id*. 6 (citing Adm. Rec. at 381–91, 404, 500, 505).

[31] *Id*. at 7.

[32] *Id*.

[33] *Id*. at 8–9 (citing Adm. Rec. at 32, 70–71).

[34] *Id*. at 9 (citing Adm. Rec. at 449–55).

However, the Magistrate Judge found that this opinion was inherently inconsistent with Dr. Mancuso's same-day opinion that Plaintiff had no more than mild limitations with simple work.[35] The Magistrate Judge rejected Plaintiff's argument that the ALJ should have contacted Dr. Mancuso for clarification of her opinion because contacting Dr. Mancuso was unnecessary in light of the other record evidence.[36]

Finally, the Magistrate Judge was not persuaded by Plaintiff's argument that the ALJ did not account for moderate limitations in concentration, persistence, or pace in the RFC assessment.[37] The Magistrate Judge noted that Plaintiff cited to authority from outside the Fifth Circuit for the proposition that an RFC for simple, unskilled work does not account for moderate limitations in concentration, persistence, or pace.[38] However, to the contrary, the Fifth Circuit has held that moderate deficiencies of concentration, persistence, or pace are accounted for with an RFC restriction on the ability to understand, remember, and carry out only routine step instructions.[39] Therefore, because the psychiatric review technique is only a broad threshold inquiry, the Magistrate Judge determined that the ALJ properly performed a more detailed evaluation of Plaintiff's mental limitations in her RFC discussion, pursuant to Social Security

---

[35] *Id.*

[36] *Id.* at 11.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 11–12 (citing *Herrera v. Comm'r of Soc. Sec'y*, 406 F. Appx. 899, 904 (5th Cir. 2010) (unpublished).

Regulation 96-8p.[40] Accordingly, the Magistrate Judge found that substantial evidence supported the ALJ's RFC determination.[41]

## II. Objections

### A. Plaintiff's Objections

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on November 7, 2017.[42] Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence.[43] He contends that the ALJ failed to properly weigh the opinion evidence of record and failed to fully and fairly develop the record.[44]

Plaintiff asserts that the Magistrate Judge sidestepped the issue of the ALJ's failure to properly consider the opinion of Dr. Mancuso, instead focusing on other physician reports indicating that Plaintiff had a normal mental status.[45] Plaintiff contends that "[s]uch an emphasis ignores the observations made by Dr. Mancuso (the Agency's own expert appointed to evaluate Plaintiff's mental impairments and limitations) including mildly impaired concentration, impaired attention, and poor fund of knowledge."[46]

---

[40] *Id*. at 12 (citing SSR 96-8p, 1996 WL 374184 at *4).

[41] *Id*.

[42] Rec. Doc. 17.

[43] *Id.* at 1.

[44] *Id.*

[45] *Id*. at 1–2.

[46] *Id*. at 2.

Moreover, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ did not need to re-contact Dr. Mancuso to clarify portions of her opinion and the inconsistencies contained therein.[47] He asserts that the ALJ acknowledged a gap in the evidence at the first hearing when she indicated that she wanted Plaintiff to undergo a consultative psychiatric examination, and the gap in evidence remained because the ALJ rejected Dr. Mancuso's opinion without seeking clarification.[48]

Finally, Plaintiff contends that the Magistrate Judge and ALJ mischaracterized Plaintiff's volunteer work, which he contends was "highly accommodated" and performed on a part-time basis.[49] Specifically, Plaintiff argues that "[i]n emphasizing 'totally disabled,' the ALJ and the Magistrate Judge appear to conflate Plaintiff's ability to engage in highly accommodated work activity on a part-time basis with the ability to engage in substantial gainful activity ("SGA") on a regular and continuing basis."[50]

## B. *The Commissioner's Response*

The Commissioner did not file a brief in opposition to Plaintiff's objections despite receiving electronic notice of the filing posted on November 7, 2017.

---

[47] *Id.*

[48] *Id.*

[49] *Id.* at 3.

[50] *Id.*

# III. Standard of Review

### A.    Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to a Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[51] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[52] A district court's review is limited to plain error of parts of the report which are not properly objected to.[53]

### B.    Standard of Review of Commissioner's Final Decision on SSI Benefits

Under 42 U.S.C. § 405(g) the district court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[54] Appellate review of the Commissioner's denial of SSI benefits is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence.[55] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[56] The Court must review the

---

[51] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[52] *Id.*

[53] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[54] 42 U.S.C. § 405(g).

[55] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Waters v. Barnhart*, 276 F.3d 716, 716 (5th Cir. 2002); *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

[56] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Perez*, 415 F.3d at 461; *Loza*, 219 F.3d at 393; *Villa*, 895 F.2d at 1021–22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)).

whole record to determine if such evidence exists.[57] However, the district court cannot "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's."[58] The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[59] A court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history."[60]

## IV. Law and Analysis

### A. *Applicable Law to Qualification for SSI Benefits*

To be considered disabled, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[61] The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.[62] The regulations include a five-step evaluation process for determining whether an impairment

---

[57] *Singletary v. Bowen*, 798 F.2d 818, 822–23 (5th Cir. 1986).

[58] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[59] *See Arkansas v. Oklahoma*, 503 U.S. 91 (1992).

[60] *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

[61] 42 U.S.C. § 423(d)(1)(A).

[62] 20 C.F.R. §§ 404.1501 to 404.1599 & Apps., §§ 416.901 to 416.998 (2008).

constitutes a disability, and the five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled.[63] The claimant has the burden of proof under the first four parts of the inquiry, and if he successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant is capable of engaging in alternative substantial gainful employment, which is available in the national economy.[64]

In the instant case, the ALJ concluded that Plaintiff has the following severe impairments: "displaced overlapping comminuted right clavicular fracture with osteopenia, multilevel degenerative disc disease of the lumbar spine with spondylolisthesis, osteoarthrosis of the right knee and spurring of the bilateral knees, personality disorder, schizoaffective disorder, mood disorder with anxiety, and obesity."[65] The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under the regulations.[66] The ALJ found that Plaintiff had the RFC to perform medium work with the following restrictions: (1) Plaintiff could lift and/or carry (including pushing or pulling) 50 pounds occasionally and 25 pounds frequently; (2) he could stand and/or walk for six hours per eight-hour workday, and sit for six hours per eight-hour workday; (3) he could frequently climb ramps, stairs, ladders, ropes, and scaffolds; (4) he could frequently balance, stoop, kneel crouch, and crawl; (5) he could not tolerate overhead reaching with the right dominant upper extremity or exposure to cold; and (6) he was limited to simple routine tasks commensurate with

---

[63] *Id*. §§ 404.1520, 416.920; *Perez*, 415 F.3d at 461.

[64] *Perez*, 415 F.3d at 461; *Newton*, 209 F.3d at 453.

[65] Adm. Rec. at 20.

[66] *Id*. at 21.

a specific vocational preparation level of no greater than two.[67] The ALJ also found that Plaintiff had no past relevant work.[68] However, the ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform as a janitor/cleaner, maid/housekeeper, or stock clerk/order filler.[69] Therefore, the ALJ determined that Plaintiff was not under a disability from September 19, 2013, through the date of the decision.[70] The Court may disturb that finding only if the ALJ lacked "substantial evidence" to support it.[71]

**B.      *Was the ALJ's RFC determination supported by substantial evidence?***

Plaintiff raises one issue on appeal: whether substantial evidence supports the ALJ's RFC determination. The Magistrate Judge found that the RFC determination was based on substantial evidence.[72] Plaintiff objects, arguing that the RFC determination was not based on substantial evidence because the ALJ failed to properly weigh the opinion evidence of record and failed to fully and fairly develop the record.[73] Specifically, Plaintiff asserts that the ALJ failed to properly consider the opinion of Dr. Mancuso, the consultative psychiatrist appointed by the Commissioner

---

[67] *Id*. at 24.

[68] *Id*. at 31.

[69] *Id*. at 31–32.

[70] *Id*. at 32.

[71] *See Perez*, 415 F.3d at 461

[72] Rec. Doc. 16.

[73] Rec. Doc. 17.

to evaluate Plaintiff's mental impairments and limitations, who found that Plaintiff had "mildly impaired concentration, impaired attention, and poor fund of knowledge."[74]

The ALJ evaluated Dr. Mancuso's opinion and determined that it was entitled to little weight.[75] Following her examination of Plaintiff on July 31, 2015, Dr. Mancuso opined that Plaintiff's ability to maintain attention and perform simple, repetitive tasks for two-hour blocks of time would be impaired.[76] Dr. Mancuso further opined that Plaintiff's ability to understand, remember, and follow simple commands would likely be "fair[ly] to mildly impaired" depending on the clarity and simplicity level, and his ability to handle the stress and pressure associated with day-to-day work activity would be impaired.[77] Dr. Mancuso also found that Plaintiff had marked limitations in all areas of social functioning.[78] The ALJ found that these opinions were not supported by substantial evidence because Plaintiff worked at a carwash three to five days per week for four to eight hours each day, and his primary responsibility was to guide customers to their proper places while their cars were being washed.[79] The ALJ determined that the use of the word "impaired" without further description was vague and inconsistent with the evidence showing that Plaintiff was able to tolerate simple work routines.[80] The ALJ noted that Dr. Mancuso

---

[74] *Id.* at 2.

[75] Adm. Rec. at 29.

[76] *Id.* at 455.

[77] *Id.*

[78] *Id.* at 446.

[79] *Id.* at 29.

[80] *Id.*

only evaluated Plaintiff on one occasion, and based her opinions, in significant part, on the subjective allegations made by Plaintiff.[81] The ALJ further noted that the intensity of Plaintiff's subjective allegations regarding his hallucinations varied based on the setting and/or the examiner.[82] Accordingly, the ALJ concluded that Dr. Mancuso's opinion was entitled to little weight.[83]

The Fifth Circuit has held that "[t]he ALJ 'is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly.'"[84] "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."[85] However, "it is clear that the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position."[86] The ALJ considered and rejected Dr. Mancuso's opinion that Plaintiff's ability to function in the work environment was severely limited.[87] Furthermore, a review of the medical records reveals that several physicians reported that Plaintiff's mental status was normal.[88] Plaintiff argues that the ALJ should have reached the opposite conclusion in evaluating his medical records, but he does not point to any evidence that the ALJ failed to

---

[81] *Id.*

[82] *Id.*

[83] *Id.*

[84] *Ramirez v. Colvin*, 606 F. App'x 775, 779 (5th Cir. 2015) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)).

[85] *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted).

[86] *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

[87] Adm. Rec. at 29.

[88] *Id.* at 381–91, 404, 500, 505.

evaluate. This Court cannot reweigh the evidence in the record or substitute its judgment for the ALJ's.[89] Accordingly, the ALJ's decision to accord little weight to the opinion of Dr. Mancuso is supported by substantial evidence.

Plaintiff also argues that the ALJ should have contacted Dr. Mancuso to clarify her opinion. In *Cornett v. Astrue*, the Fifth Circuit held that "[t]he Commissioner is required to recontact a medical source when the evidence from the treating physician or psychologist or other medical source is inadequate for the Commissioner to determine whether the claimant is disabled."[90] There, the Fifth Circuit determined that the ALJ did not need to contact the plaintiff's treating physician for clarification regarding the work Plaintiff could do despite his impairments because the ALJ had considered over 500 pages of medical evidence and at least two physicians had concluded that Plaintiff's impairments did not preclude him from performing certain work.[91]

Conversely, in *Newton v. Apfel*, the Fifth Circuit reversed the ALJ's decision to deny benefits because the record did not clearly establish the effect of Plaintiff's condition on his ability to work and the ALJ had not made additional contact with the treating physician.[92] The Fifth Circuit noted that reversal of an ALJ's decision "is appropriate only if the applicant shows prejudice from the ALJ's failure to request additional information."[93] "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the

---

[89] *Newton*, 209 F.3d at 452.

[90] 261 F. App'x 644, 648 (5th Cir. 2008) (quoting 20 C.F.R. § 416.912(e) (internal quotation marks and brackets omitted)).

[91] *Id.* at 649.

[92] *Newton*, 209 F.3d at 452.

[93] *Id.* at 458.

record, and that the additional evidence might have led to a different decision."[94] In *Newton*, the Fifth Circuit found that the plaintiff made a sufficient showing that additional evidence could have been produced, if requested.[95] The Fifth Circuit determined that "the ALJ erred when she found, with virtually no meaningful analysis of the specific medical records, that omissions from the treating specialist's assessment or answers to interrogatories left gaps preventing a finding as to the proper weight to accord [the specialist's] opinion of [the plaintiff's] residual functional capacity."[96]

In this case, Plaintiff asserts that the ALJ acknowledged a gap in the evidence at the first hearing when she indicated that she wanted Plaintiff to undergo a consultative psychiatric examination, and the gap in evidence remained because the ALJ rejected the consultative psychiatric opinion of Dr. Mancuso without seeking clarification.[97] During the first hearing, the ALJ determined that an evaluation by a consultative psychiatrist was necessary because Plaintiff's psychiatric records did not "contain much detail," and she stated that she wanted to get more information regarding the symptoms Plaintiff was experiencing, how well Plaintiff's medications were working, and what kinds of problems Plaintiff was having.[98] She also requested that the psychiatrist provide an opinion about the kinds of work-related activities Plaintiff could perform

---

[94] *Id.*

[95] *Id.*

[96] *Id.*

[97] Rec. Doc. 17 at 2.

[98] Adm. Rec. at 94–95.

with his diagnoses.[99] Following the first hearing, Plaintiff was sent to Dr. Mancuso for a consultative examination.

After the second hearing, the ALJ evaluated Dr. Mancuso's opinion and determined that it was entitled to little weight.[100] Plaintiff argues that the gap in the evidence that the ALJ acknowledged during the first hearing remained because after the second hearing the ALJ rejected Dr. Mancuso's opinion without contacting her for clarification. However, the ALJ also relied on updated medical evidence from treating physicians in evaluating Plaintiff's mental health condition, which were not available during the first hearing.[101] Specifically, the ALJ noted that Dr. Calhoun described "Plaintiff's complaints of voices as 'somewhat vague per content,'" and Dr. Clark noted that Plaintiff expressed command hallucinations to harm himself and others but that the complaints were made with "a nonchalant attitude."[102] Furthermore, the ALJ noted that Plaintiff reported no complaints to Dr. Foulks in November 2015.[103] All of these medical reports were from evaluations that occurred after the first hearing, where the ALJ determined that there was a gap in the evidence.

Unlike in *Newton*, where the ALJ performed virtually no meaningful analysis of the specific medical records, the ALJ thoroughly reviewed the opinion of Dr. Mancuso and concluded that it was vague and inconsistent with the evidence showing that Plaintiff was able to tolerate

---

[99] *Id.* at 95.

[100] *Id.* at 29.

[101] *Id.* at 28–29 (citing Exh. 16F Medical Evidence dated 5/19/2015 to 11/03/2015, from Metropolitan Human Services District).

[102] *Id.*

[103] *Id.*

simple work routines.[104] Moreover, the ALJ relied on the opinions of Plaintiff's treating physicians, which were updated after the first hearing when the ALJ found a gap in the evidence, and Plaintiff's daily activities in concluding that Plaintiff could tolerate simple, routine, and unskilled work.[105] Furthermore, Plaintiff has not demonstrated prejudice because he has not shown that additional evidence would have been produced or that the additional evidence might have led to a different decision. Therefore, Plaintiff has not demonstrated that the ALJ should have contacted Dr. Mancuso for clarification.

## V. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision denying Plaintiff's application for SSI was based on substantial evidence. Accordingly,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's recommendation;

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment is **DENIED,** the Commissioner's cross-motion is **GRANTED**, and Plaintiff's case is **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this 5th day of February, 2018.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[104] Adm. Rec. at 29.

[105] *Id.* at 26–31.

19